IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| PATRICIA G. MENGERS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-CV-253-JED-TLW |
| v. | ) | |
| | ) | |
| ROUTE 66 RV'S, INC., GULF STREAM COACH, INC., and UNITED SERVICE PROTECTION CORP., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is the Motion to Transfer Venue (Doc. 20), filed by defendant Gulf Stream Coach, Inc. (Gulf Stream) and the joinder in that motion, which was filed by defendant Route 66 RV's, Inc. (Route 66) (Doc. 26).

**I.     Background**

In November, 2010, plaintiff purchased a 2011 recreational vehicle (RV), manufactured by Gulf Stream, from Route 66 in Claremore, Oklahoma. At the time of the purchase of the RV, plaintiff signed a Motorized Limited Warranty containing a forum selection clause, which provided that "[e]xclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture . . . [which] is Indiana." (Doc. 20-2 at 3). Plaintiff initiated this action in Tulsa County District Court, alleging a claim for a violation of the Magnuson-Moss Warranty Act, as well as several common law claims and statutory claims under state law, in relation to problems with the RV.

Pursuant to the forum selection clause, Gulf Stream requests that the Court transfer this action to the Northern District of Indiana, South Bend Division, as the federal venue for Nappanee, Indiana (the location of manufacture), which is in Elkhart and Kosciusko Counties in Northern Indiana. (Doc. 20 at 1-2, fn. 2). As noted, Route 66 filed a Consent to Transfer of Venue (Doc. 26), in which it expressly joins Gulf Stream's request to transfer. Plaintiff did not file any response or opposition to the Motion to Transfer, and she, too, agrees that this case should be transferred to the Northern District of Indiana, as requested by Gulf Stream and Route 66. (*See* Doc. 30 at 1 [plaintiff "respectfully submits that the proper forum ... should be the federal court in Indiana"]).

Defendant United Service Protection Corp. (USPC) also did not oppose the Motion to Transfer. However, after Gulf Stream filed another motion requesting that the Court enter an order on the Motion to Transfer (*see* Doc. 32), USPC responded (Doc. 33), indicating that the case should not be transferred at this time because USPC had not "consented to or confessed Gulf Stream's Motion to Transfer." (*Id.*, p. 2). Despite USPC's position, the record reflects that it *did not oppose* the Motion to Transfer. For example, USPC attached to its filing an email string in which its counsel stated that USPC "cannot consent to or join in Gulf Stream's motion... However, *we will not oppose* Gulf Stream's motion." (Doc. 33-1) (emphasis added). In addition, under this Court's Local Rules, "[e]ach party opposing a motion shall file ... a response within twenty-one (21) days from the date the motion was filed" and "any non-dispositive motion which is not opposed within twenty-one (21) days may be deemed confessed." N.D. Okla. LCvR 7.2(e). USPC did not timely file a response in opposition under the Rule.

USPC seeks arbitration pursuant to an arbitration provision contained in a service agreement attached to its Motion to Compel Arbitration and to Dismiss (Doc. 29). Plaintiff

2

opposes that motion and asserts in a sworn affidavit that she never agreed to any document containing an arbitration provision, was never informed that the service agreement contained any arbitration provision, and was only provided and signed a one page document constituting the service agreement. (*See* Doc. 30-1, 30-2). She also asserts that she attempted to make a claim under the service agreement, but was repeatedly informed by USPC that plaintiff "never purchased" the coverage provided by the service agreement. (Doc. 30-2). Plaintiff also notes that USPC's motion to compel arbitration simply attaches what it claims to be the service agreement, without any affidavit asserting that plaintiff was provided or agreed to the terms thereof. Hence, plaintiff has moved for leave to conduct discovery regarding the alleged agreement to arbitrate. (Doc. 31).

**II.     Discussion**

A forum selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a). *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. 568, 575 (2013). "When a defendant files such a motion . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* "[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)) (alteration in original). Thus, "[w]hen the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.*

The Tenth Circuit has long held that forum selection "clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under

3

the circumstances." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). When venue is specified and accompanied by mandatory or obligatory language showing that jurisdiction is appropriate only in the designated forum, a forum selection clause will be enforced as mandatory. *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926-27 (10th Cir. 2005). In *American Soda*, the court concluded that the forum selection clause, which provided for an "exclusive forum," was mandatory and enforceable. *Id.* at 927. Here, the plaintiff agreed that "[e]xclusive jurisdiction" of claims against Gulf Stream would be "in the courts in the State of Manufacture . . . Indiana." (Doc. 20-2 at 3). That clause is mandatory and will be enforced in the absence of a showing of exceptional circumstances or that transfer would be unreasonable. *Atlantic Marine*, 134 S. Ct. at 575; *see also Milk 'N' More*, 963 F.2d at 1346.

The Court finds that transfer pursuant to the forum selection clause is in the interest of justice, such that transfer is appropriate under § 1404(a) and *Atlantic Marine*, 134 S. Ct. at 575. Because no party opposed the Motion to Transfer, and plaintiff, Gulf Stream, and Route 66 all expressly assert that this case should be transferred, the Court does not find that enforcement will be unfair or unreasonable or that there exist extraordinary circumstances preventing transfer. The Court recognizes USPC's argument that it is entitled to arbitration, but the Court is not persuaded that transferring the case at this time will be unreasonable or result in any prejudice to USPC. USPC has not provided any authority requiring determination of the motion to compel arbitration prior to a previously-filed (and unopposed) motion to transfer, which is based upon an agreed mandatory forum selection agreement. Nor has USPC identified any reason that the transferee court is incapable of deciding the issues presented by the motion to compel arbitration and plaintiff's request for discovery relating thereto. USPC has not indicated that there is any jurisdictional problem or that it will be in any way prejudiced or inconvenienced by the Indiana

court, rather than this Court, determining the arbitration-related motions. If there exists a valid arbitration agreement between the plaintiff and USPC, the arbitration provision provides for submission to the American Arbitration Association, rather than to any Oklahoma-specific forum, and the district court in Indiana is certainly qualified to decide the arbitration-related motions.

Because Gulf Stream's Motion to Transfer Venue is unopposed, and it is undisputed that the proper venue for plaintiff's claims against Gulf Stream and Route 66 is the Northern District of Indiana under the mandatory forum selection clause which all parties agree that plaintiff signed, there is no reason that this action should not now be transferred. In addition, the discovery plaintiff seeks (if it is authorized by the transferee court) could potentially involve all parties. For example, Route 66, the seller of the RV to plaintiff, may have information regarding the alleged arbitration agreement and the information provided to plaintiff with regard thereto. Accordingly, the Court finds that it will be more efficient for one court to determine all issues, rather than this Court carving out specific discovery and arbitration-related issues between plaintiff and USPC (with Route 66 possibly having information relating thereto), while sending plaintiff to Indiana to litigate against Gulf Stream and Route 66 as is appropriate under the mandatory forum selection clause. Transferring all pending issues relating to all parties to the Northern District of Indiana will also alleviate any concern for potentially inconsistent determinations of issues, including any discovery issues that may involve the parties.

### III. Conclusion

For the foregoing reasons, Gulf Stream's Motion to Transfer Venue (Doc. 20) and Route 66's joinder therein (Doc. 26) are **granted**. In light of this ruling, Gulf Stream's separate Motion for Entry of Order Granting Its Motion to Transfer Venue (Doc. 32) is **moot**. The Court Clerk is

hereby **directed to transfer** this case to the United States District Court for the Northern District of Indiana, South Bend Division.

SO ORDERED this 8th day of July, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE