UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PATRICIA MENGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14 CV 1737 |
| | ) | |
| GULF STREAM COACH INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendant United Service Protection Corp. ("USPC" or "defendant") has moved to dismiss plaintiff Patricia Mengers's claims against it. (DE # 29.) Defendant also seeks an order directing plaintiff to submit her claims against it to arbitration. (*Id.*) Plaintiff has filed a response (DE # 30), and defendant has filed a reply (DE # 39.) For the following reasons defendant's motion is granted.

I.   **Legal Standard**

Defendant has moved to dismiss plaintiff's complaint and compel arbitration under section 4 of the Federal Arbitration Act ("FAA"). (DE # 29.) The Federal Arbitration Act ("FAA") "was originally enacted 'to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts.'" *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 995 (7th Cir. 2011) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). Furthermore, the FAA demonstrates that Congress supports "a liberal federal policy

favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Contr. Corp.,* 460 U.S. 1, 24 (1983).

Section 4 of the FAA allows a party to a written arbitration agreement to request an order from a federal district court compelling the parties to arbitrate. *See* 9 U.S.C. § 4. The court may look beyond the pleadings when reviewing a motion to compel arbitration. *Armbrister v. Pushpin Holdings, LLC,* 896 F. Supp. 2d 746, 753 n. 3 (N.D. Ill. 2012).

## II.     Background and Facts

The court need not delve too deeply into the factual background supporting plaintiff's claims, as defendant's current motion does not concern the merits of those claims. In November of 2010, plaintiff bought an RV, which she was told was a new 2011 Gulf Stream Yellowstone Motorhome, from Route 66, an RV dealership in Oklahoma. (DE # 2 at 15.) Plaintiff also purchased an extended service warranty contract, which was administered by defendant USPC. (*See* DE # 30-1 at 1.) To complete her purchase, plaintiff was required to sign numerous documents, but was not given the opportunity to read them. (DE # 2 at 15.) After plaintiff purchased the RV, it routinely had problems that often left plaintiff stranded. (*Id.*)

Plaintiff brought this suit in Oklahoma state court against several defendants, including USPC, alleging a host of claims, including breach of warranty and breach of contract. (DE # 2 at 16-21.) Defendants then removed the case to an Oklahoma federal district court. (DE # 2 at 1.) Because one of the contracts plaintiff signed with defendant

2

Gulf Stream included a forum selection clause identifying Indiana as the forum for any dispute, the Oklahoma district court judge transferred the case to the Northern District of Indiana. (DE # 34.)

Defendant USPC now contends that plaintiff agreed to arbitrate any claims against it. (DE # 29.) Defendant, therefore, argues that plaintiff's case must be dismissed and that plaintiff must be compelled to arbitrate her claims against USPC. (*Id.*) In support of its argument, defendant has provided the court with a copy of the signed warranty agreement and accompanying documents that defendant contends outlines the arbitration agreement plaintiff agreed to. (DE # 29-1 at 1.) In response, plaintiff argues that she never agreed to the arbitration agreement because she was only provided with the "Service Agreement Declaration Page" and was never provided with the accompanying "Coverage Booklet" that actually contained the arbitration agreement. (DE # 30 at 2; DE # 30-2 at 1.)

The Service Agreement Declaration Page, which plaintiff signed, contains the following language:

> The **Administrator** of this Service Agreement is **United Service Protection Corp.** . . . . The entity obligated to perform under this Service Agreement, which is referred to as **"We"**, **"Us"** and **"Our"** throughout the Service Agreement Coverage Booklet, is **United Service Protection Corp.** . . . .
>
> * * *
>
> **Purchase of this Service Agreement is not required in order to purchase or obtain financing for a Motor Home, Travel Trailer or Camper. This Service Agreement is not valid unless this Declaration Page is completed and attached to the Service Agreement Coverage Booklet. This Declaration**

> **Page shall be the basis upon which the Service Agreement is issued. Your signature indicates that You have read the information set forth herein and agreed that it is true and correct and that you accept the terms and provisions of this Service Agreement and agree to be bound by the terms thereof.**

(DE # 30-1 at 1 (emphasis in original).)

The Service Agreement Coverage Booklet contains the arbitration provision, which states, in part:

> Any and all claims, disputes, or controversies of any nature whatsoever (whether in contract, tort or otherwise, including statutory, common law, fraud (whether by misrepresentation or by omission) or other intentional tort, property, or equitable claims) arising out of, relating to, or in connection with (1) this Service Agreement or any prior Service Agreement, and the purchase thereof; and (2) the validity, scope, interpretation, or enforceability of this Provision or of the entire Service Agreement ("Claim"), shall be resolved by binding arbitration before a single arbitrator.

(DE # 29-1 at 7.)

### III.  Analysis

"Under the Federal Arbitration Act, arbitration may be compelled if the following three elements are shown: a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682, 690 (7th Cir. 2005). The second and third elements are not at issue in this case. The agreement itself is quite broad (*see* DE # 29-1 at 7), and plaintiff does not appear to contend that her claims are not covered by the terms of the agreement. Instead, plaintiff's argument is that she never agreed to an arbitration provision (DE # 30 at 2), and the court will therefore confine its analysis to that issue.

4

Before addressing whether an agreement was reached, however, the court must first address defendant's argument that this issue should be decided by the arbitrator, and not the court. (DE # 39 at 4.) "In *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the Supreme Court announced that, when faced with motions to stay suits or order arbitration, courts should evaluate only the validity of the arbitration agreement; challenges to the validity of the entire contract—*e.g.,* fraud in the inducement—should be left to the arbitrator." *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 741 (7th Cir. 2010). Defendant argues that this entire dispute must be submitted to an arbitrator because plaintiff is challenging the formation of the Service Agreement as a whole, citing *Prima Paint*. (DE # 39 at 4.)

As the Supreme Court and the Seventh Circuit have made clear, however, when a party disputes whether a contract was formed at all, it is a matter for the court to decide. *Janiga*, 615 F.3d at 741-42. Plaintiff appears to be contending that no agreement was ever reached between the parties regarding the Service Agreement Coverage Booklet, which contains the arbitration agreement and which plaintiff claims she never received. (DE # 30 at 2, 7.) The court, therefore, will address this issue.

Federal courts rely on state contract law to determine whether an arbitration agreement constitutes a valid contract. *See Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 809 (7th Cir. 2011). Defendant is the only party that identifies the law it believes is applicable to this case – Oklahoma law. (DE # 39 at 2.) Defendant's position is that Oklahoma law applies because plaintiff purchased the Service Agreement in

5

Oklahoma. (*Id.*) Plaintiff has failed to identify which state's law she thinks applies to this case, and, indeed, fails to cite any state law cases in her brief. (DE # 30.) Plaintiff has therefore waived the issue, and the court will apply Oklahoma law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir.) reh'g denied, 769 F.3d 535 (7th Cir. 2014)

But regardless of whether the court applies Indiana or Oklahoma law in this case, the result would be the same. Plaintiff's argument to avoid arbitration is essentially that because she was never given the Service Agreement Coverage Booklet, which contained the arbitration clause, she cannot be compelled to arbitrate her claims against USPC. (DE # 30 at 2, 6, 7.) The problem with this argument, as defendant correctly points out in its reply brief (DE # 39 at 10-12), is that plaintiff has brought claims against USPC *under the Service Agreement Coverage Booklet*. Plaintiff is suing USPC for breach of the Service Agreement (DE # 2 at 14), and nothing in the Declaration Page, the one page plaintiff concedes to signing, would give plaintiff any cause of action against USPC because it does not actually contain the terms of the agreement. (DE # 30-1 at 1.) The actual terms of the agreement are found in the Coverage Booklet. (DE # 29-1 at 2.)

Because plaintiff is suing USPC for breach of contract and breach of warranty, and because the only possible basis for these claims is the Coverage Booklet, plaintiff is seeking to reap the benefits of the Coverage Booklet. Plaintiff cannot sue USPC under the Coverage Booklet and also avoid the arbitration provision contained in that same document. *S & O Liquidating P'ship v. C.I.R.*, 291 F.3d 454, 459 (7th Cir. 2002) ("A party who has accepted the benefits of a contract cannot 'have it both ways' by subsequently

attempting to avoid its burdens."); *Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 839 (7th Cir. 1981) ("In short, (plaintiff) cannot have it both ways. (It) cannot rely on the contract when it works to its advantage, and repudiate it when it works to (its) disadvantage." (citations and quotations omitted)); *Phoenix Ins. Co. v. Tomlinson*, 125 Ind. 84, 25 N.E. 126, 127-28 (1890) ("When the company accepted payment of the entire premium it waived all right to forfeit the policy, for, as the insured can get back no part of the premium paid, neither can the company escape the performance of its part of the contract. It cannot have the benefit, and escape the burden."); *Walton v. Estate of Swisher*, 3 N.E.3d 1088 (Ind. Ct. App. 2014) (unpublished) ("A plaintiff may not enjoy the benefits of a contract without also accepting its burdens."); *Local Fed. Sav. & Loan Ass'n v. Burkhalter*, 1987 OK CIV APP 23, 735 P.2d 1202, 1205 ("We are constrained to point out that it is fundamental that one who accepts the benefits of a contract must assume the detriments.").

"The party opposing arbitration must identify a triable issue of fact concerning the existence of the agreement in order to obtain a trial on the merits of the contract." *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002). "Just as in summary judgment proceedings, a party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* "In deciding whether the party opposing summary judgment (and by analogy compelled arbitration) has identified a genuine issue of material fact for trial, the evidence of the

7

non-movant is to be believed and all justifiable inferences are to be drawn in his favor."
*Id.* (citations and quotations omitted).

Because plaintiff seeks to benefit from the Service Agreement, she cannot avoid its arbitration clause, and has failed to create a triable issue of fact with regard to the arbitration agreement. Defendant's motion will therefore be granted, and plaintiff will be ordered to arbitrate her claims against USPC.

Plaintiff's arguments to the contrary are not persuasive. First, plaintiff argues that the Declaration Page and Coverage Booklet are hearsay. (DE # 30 at 5.) "Statements that constitute verbal acts (e.g., words of contract or slander) are not hearsay because they are not offered for their truth." *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007). This argument therefore fails.

Next, plaintiff argues that defendant has not properly authenticated the Declaration Page and Coverage Booklet under Federal Rule of Evidence 901. (DE # 30 at 5-6.) In its reply brief, defendant has included an affidavit of a Route 66 sales manager authenticating those documents. (DE # 39-1.) This argument therefore fails.[*]

Next, plaintiff argues that the evidence of the arbitration agreement must be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by its unfair prejudice and risk that it will confuse the issues. (DE # 30 at 5.) The court disagrees. This evidence is clearly probative. And, considering

---

[*] Additionally, as the court explained earlier, plaintiff relies on these documents in her claims against defendant.

8

that plaintiff relies on other provisions in the Coverage Booklet in her claims against defendant, plaintiff's argument on this point has no merit.

Finally, plaintiff argues that there is a question of fact regarding the arbitration provision because when she previously made claims for repairs under the Coverage Booklet, USPC denied her claims for repairs and told plaintiff that it had no record of plaintiff having ever purchased the Service Agreement. (DE # 30 at 2.) As noted above, however, plaintiff is bringing her claims against defendant under that Service Agreement. This argument therefore fails.

## IV.  Conclusion

For the foregoing reasons, defendant United Service Protection Corp.'s motion to compel arbitration and dismiss plaintiff Patricia Mengers's suit against it is **GRANTED**. (DE # 29.) Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as it relates to defendant USPC, and the parties are ordered to proceed to arbitration pursuant to the arbitration agreement. Plaintiff's motion for additional discovery regarding the arbitration agreement is **DENIED AS MOOT**. (DE # 31.) Plaintiff's suit will continue in this court against defendants Route 66 RV's, Inc. and Gulf Stream Coach Inc..

             **SO ORDERED.**

Date: September 30, 2015

             s/James T. Moody     
             JUDGE JAMES T. MOODY
             UNITED STATES DISTRICT COURT